**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDDY V. MACAS, individually and on behalf of
all others similarly situated,

                          Plaintiffs,

         v.

ALEX'S AUTO BODY I, INC.; and ALEXANDER
KHAIMOV, individually and as officer, director, and
or principal of ALEX'S AUTO BODY I, INC.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff FREDDY V. MACAS ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys VALLI KANE & VAGNINI LLP, brings this action for damages and other legal and equitable relief against Defendants ALEX'S AUTO BODY I, INC. ("AAB"); and ALEXANDER KHAIMOV ("Khaimov"), individually and as officer, director, and or principal of ALEX'S AUTO BODY I, INC. (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law ("NYLL"), the Wage Theft Prevention Act, as amended, NYLL §§ 195 *et seq.* ("WTPA"). Plaintiff also brings this action for Defendants' conduct, which amounts to the tort of conversion.

## INTRODUCTION

1.     This is a putative collective and class action brought by Plaintiff challenging acts committed by Defendants against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

2.     Defendants employed Plaintiff and all others similarly situated as mechanics, which includes the positions of assembly workers, painters, painters' assistants, alignment workers, bodywork workers, and electrical workers, (collectively, "Mechanics") to repair automobiles at

their Brooklyn, New York facility. Mechanics often rotated what position they were in (*e.g.*, one week they performed electrical work while the next they performed auto body work). Plaintiff was employed by Defendants primarily as an alignment workers.

3.    First, Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), on behalf of himself and a collective of persons who are and were employed by Defendants as Mechanics during the past three (3) years through the final date of the disposition of this action who were not paid the proper statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) liquidated damages, (iv) interest, (v) attorneys' fees and costs, and (vi) such other and further relief as this Court finds necessary and proper.

4.    Second, Plaintiff brings this action pursuant to Fed. R. Civ. P. 23, on behalf of himself and two (2) classes of persons who are and were employed by Defendants as Mechanics during the past six (6) years through the final date of the disposition of this action who were: (i) not paid the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek; and (ii) not issued the proper wage statements and notices pursuant to the WTPA, which violates the NYLL and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) liquidated damages, (iv) penalties,  (v) interest, (vi) attorneys' fees and costs, and (vii) such other and further relief as this Court finds necessary and proper.

5.    In addition to Plaintiff's class and collective action allegations, Plaintiff brings this action for Defendants' unauthorized exclusive dominion over Plaintiff's equipment and tools, which amounts to the tort of conversion and seeks to recover: (i) the value of the property at the

time of its conversion, (ii) lost profits, (iii) interest, (iv) punitive damages, and (v) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. §§ 201 *et seq*.

7.    Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq.*, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain facilities, conduct business and reside in this district.

8.    The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

9.    At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA and the NYLL and resided in Queens, New York.

10.    Upon information and belief, Defendant AAB is a privately owned business organized under the laws of the state of New York and has its principal place of business at 2260 McDonald Avenue, Brooklyn, New York 11223.

3

11.     Defendant AAB transacted and continues to transact business in New York by employing Plaintiff and all those similarly situated as Mechanics.

12.     Defendant AAB has at all relevant times been an "employer" covered by the FLSA and the NYLL.

13.     Upon information and belief, the amount of qualifying annual volume of business for Defendant AAB exceeds $500,000.00 and thus subjects Defendant AAB to the FLSA.

14.     Upon information and belief, Defendant AAB is engaged in interstate commerce.  This independently subjects Defendant AAB to the FLSA.

15.     Upon information and belief, Defendant Khaimov is the President and/or Chief Executive Officer and/or owner/principal of Defendant AAB.

16.     Upon Information and belief, Defendant Khaimov resides in New York and transacted business in New York by employing Plaintiff and those similarly situated as Mechanics.

17.     Upon information and belief, at all relevant times, Defendants employed over fifteen (15) employees over the past six (6) years.

18.     Defendants jointly employed Plaintiff and those similarly situated by employing or acting in the interest of employer towards Plaintiff and those similarly situated directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation and by suffering all those similarly situated employees to work.

I.     **Facts Common to All Mechanics**

19.     Defendants employed Plaintiff and all those similarly situated as Mechanics at their auto body shop located in Brooklyn New York.

20.     At any given time, Defendants employed approximately twenty (20) Mechanics.

21.    Mechanics job duties were blue-collar in nature as they performed mechanical, electrical, and auto body work on automobiles. These duties required Mechanics to perform manual repetitive physical work with their hands.

22.    Mechanics were typically required to supply their own equipment and tools.

23.    Mechanics typically worked on different aspects of the automobile. For example, one week they could be performing electrical work while the next they could be performing auto body work.

24.    Mechanics' typical weekly schedule was comprised of approximately four (4), twelve (12) hour, workdays and one (1), eight (8) hour, workday.  Many times Mechanics worked beyond these hours.

25.    Accordingly, Mechanics worked approximately fifty-six (56) hours per workweek.

26.    Mechanics recorded their time by a punch card time recoding system.

27.    Mechanics were paid a flat weekly basis no matter the amount of hours that they worked. For example, Plaintiff was paid a flat rate of $1,200.00 per workweek.

28.    Mechanics were paid weekly either entirely in cash or via a combination of both cash and check—$800.00 cash and $400.00 via check.

29.    In addition to the weekly pay, Mechanics were also paid in cash at a rate below one and half (1 ½) times their hourly rate for all hours they worked in excess of forty (40) hours per workweek. For example, Defendants paid Plaintiff approximately $20.00 per hour for each hour he worked in excess of forty (40) hours per workweek. However, this rate was not at the proper overtime rate of one and half (1 ½) times their hourly rate as his hourly rate was approximately $21.43, making his proper overtime rate approximately $32.15.

30.     As a result of this pay scheme, Mechanics were not paid the proper overtime premium of one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek.

31.     Mechanics were not exempt under the FLSA and the NYLL.

32.     Defendants' failure to pay Mechanics the proper overtime premium for all hours worked in excess of forty (40) hours per workweek was a violation of the FLSA and the NYLL.

**a.  Facts Pertaining to Defendants' WTPA Violations**

33.     Upon hiring, Mechanics were not provided any notices pursuant to the WTPA.

34.     For each wage payment, Mechanics were solely issued cash or a combination of cash and check that failed to include all the necessary information pursuant to the WTPA, including the amount of hours worked.

35.     Accordingly, Defendants did not issue Mechanics the requisite notices and wage statements pursuant to the NYLL.

**I.     Facts Pertaining to Plaintiff**

36.     In or about June 2016, Plaintiff began his employment for Defendants as a Mechanic specializing in alignment work.

37.     Upon hiring, Plaintiff was not provided with any wage notice.

38.     Plaintiff's typical weekly schedule was comprised of approximately four (4), twelve (12) hour, workdays and one (1), eight (8) hour, workday.

39.     As stated above, Plaintiff was paid a weekly rate of $1,200.00 per workweek no matter the amount of hours he worked and was additionally paid approximately $20.00 in cash for each hour that he worked in excess of forty (40) hours per workweek.

40.     As a result of Defendants' pay scheme, Plaintiff was not paid the proper overtime premium of one and half (1 ½) times his regular hourly rate for all hours worked in excess of forty (40) hours per workweek.

41.     Plaintiff made numerous complaints to Defendants regarding their failure to compensate him the proper overtime premium for all hours worked in excess of forty (40) hours per workweek, but no remedial action was ever taken.

42.     Additionally, as stated above, Plaintiff was not provided with the requisite notices and wage statements pursuant to the WTPA.

43.     In or around August 2017, Plaintiff was terminated due to an injury that he suffered while at Defendants' facility.

44.     Following his termination, Defendants refused to return or permit Plaintiff to retrieve his tools and equipment, which included, among other tools: electric screw driver, electric impact gun, air impact gun, dent pullers, blow guns, and file sets.

45.     The estimated cost of these said tools and equipment is approximately $50,000.00.

46.     Plaintiff is the sole legal owner of said tools and equipment.

47.     As a result of being deprived of his tools and equipment, Plaintiff has been unable to seek employment in a field that requires said tools and equipment.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following collective:

> All Mechanics employed by Defendants during the past three (3) years through the final date of disposition of this action, who are or were required to work in excess of forty (40) hours per workweek without proper compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

7

49.     At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Overtime Collective[1] because, while employed by Defendants, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendants' policies and practices of willfully failing to pay them at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

50.     Defendants are and have been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully choose not to.

51.     The FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be provided to those impacted by the policy as soon as the Court determines it appropriate to do so.

52.     The number of FLSA Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

53.     All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein.  No claims under the FLSA relating to Defendants' failure to pay statutorily required rate of one and a half (1½) times the FLSA Plaintiffs' hourly rate for all hours worked in excess of forty (40) per workweek are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

---

[1]     Hereinafter referred to as the FLSA Plaintiffs.

54.    Plaintiff will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

55.    A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

56.    Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

57.    The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

58.    The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

## RULE 23 CLASS ACTION ALLEGATIONS

### A.  NYLL OVERTIME CLASS

59.    Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous six (6) years, were subjected to violations of the NYLL.

60.    The Class which Plaintiff seeks to define includes:

All Mechanics employed by Defendants during the past six (6) years through the final date of disposition of this action, who are or were required to work in excess of forty (40) hours per workweek without proper compensation at the statutorily required rate of one and a half

9

(1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

61.    The number of class members protected by the NYLL and who have suffered under Defendants' violation of NYLL, as set forth herein, is, upon information and belief, well in excess of forty (40) and is therefore too numerous to join in a single action, necessitating class recognition.

62.    All questions relating to the NYLL Overtime Class's allegations under the NYLL share a common factual basis with those raised by the claims of Plaintiff. No claims under the NYLL relating to the denial of overtime for all hours worked in excess of forty (40) hours per workweek are specific to Plaintiff's or any proposed NYLL Overtime Class member and the claims of Plaintiff are typical of those asserted by the proposed NYLL Overtime Class.

63.    Plaintiff will fairly and adequately represent the interests of all members of the proposed NYLL Overtime Class.

64.    A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the NYLL Overtime Class's allegations that Defendants violated the NYLL by requiring all members of the proposed NYLL Class to work in excess of forty (40) hours per workweek without compensation at an overtime premium.

65.    The class members of the proposed NYLL Overtime Class are readily discernable and ascertainable.  Contact information for all members of the proposed NYLL Overtime Class[2] is readily available from Defendants since such information is likely to be contained in their personnel files.  Notice of this class action can be provided by any means permissible under the Fed. R. Civ. P. 23 requirements.

---

[2]    Hereinafter referred to as the NYLL Overtime Plaintiffs.

66.    Plaintiff asserts these claims on his own behalf as well as on behalf of the NYLL Overtime Class Plaintiffs through his attorneys who are experienced in class action litigation as well as employment litigation.

67.    Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed NYLL Overtime Class and have no interests conflicting with those of the Class.

68.    The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation.  Prosecution of separate actions by individual NYLL Overtime Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the NYLL Overtime Class's interests without their knowledge or contribution.

69.    Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the NYLL Overtime Class Plaintiffs' jobs and continued employment.

70.    The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal.  Without judicial resolution of the claims asserted on behalf of the proposed NYLL Overtime Class, continued violations of the NYLL will undoubtedly continue.

71.    Whether Plaintiff and the NYLL Overtime Class Plaintiffs were properly compensated the proper overtime premium for all hours worked in excess of forty (40) hours per workweek is common questions, which can readily be resolved through the class action process.

**B.  WTPA CLASS**

72.    Plaintiff seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous six (6) years, were subjected to violations of the NYLL.

73.    The Class which Plaintiff seeks to define includes:

> All Mechanics employed by Defendants during the past six (6) years through the final date of disposition of this action, who are or were not provided with the required wage statements and notices pursuant to the WTPA by Defendants.

74.    The number of class members protected by the WTPA and who have suffered under Defendants' violation of WTPA, as set forth herein, is, upon information and belief, well in excess of forty (40) and is therefore too numerous to join in a single action, necessitating class recognition.

75.    All questions relating to the WTPA Class's allegations under the NYLL share a common factual basis with those raised by the claims of Plaintiff. No claims under the NYLL relating to the failure to issue the requisite notices and wage statements pursuant to the WTPA are specific to Plaintiff's or any proposed WTPA Class member and the claims of Plaintiff are typical of those asserted by the proposed WTPA Class.

76.    Plaintiff will fairly and adequately represent the interests of all members of the proposed WTPA Class.

77.     A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the WTPA Class's allegations that Defendants violated the NYLL by not issuing all members of the proposed NYLL Class the requisite notices sand wage statements pursuant to the WTPA.

78.     The class members of the proposed WTPA Class are readily discernable and ascertainable.  Contact information for all members of the proposed WTPA Class[3] is readily available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the Fed. R. Civ. P. 23 requirements.

79.     Plaintiff asserts these claims on his own behalf as well as on behalf of the WTPA Class Plaintiffs through his attorneys who are experienced in class action litigation as well as employment litigation.

80.     Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed WTPA Class and have no interests conflicting with those of the Class.

81.     The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual WTPA Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the WTPA Class's interests without their knowledge or contribution.

82.     Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the WTPA Class Plaintiffs' jobs and continued employment.

---

[3]     Hereinafter referred to as the WTPA Plaintiffs.

83.     The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal.  Without judicial resolution of the claims asserted on behalf of the proposed WTPA Class, continued violations of the NYLL will undoubtedly continue.

84.     Whether Plaintiff and the WTPA Class Plaintiffs were properly issued the requisite notices and wage statements pursuant to the WTPA is common questions, which can readily be resolved through the class action process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiff on Behalf of All FLSA Plaintiffs

85.     Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86.     Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

87.     Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

88.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

89.     Defendants' conduct was in violation of the Fair Labor Standards Act.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law Made by Plaintiff on Behalf of All NYLL Overtime Plaintiffs

90.     Plaintiff and the NYLL Overtime Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91.     Throughout the period covered by the applicable statute of limitations, Plaintiff and other NYLL Overtime Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

92.     Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff and the NYLL Overtime Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

93.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

94.     Defendants' conduct was in violation of the New York Labor Law.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**The Wage Theft Prevention Act, NYLL §§ 195, *et seq.*, Made by Plaintiff on Behalf of All WTPA Plaintiffs**

95.     Plaintiff and the WTPA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96.     Pursuant to WTPA, employers are required to provide employees with, among other things: (i) certain written notices upon hiring and each subsequent year; (ii) notify employees the employer's policy on sick leave, vacation, personal leave, holidays and hours; (iii) notify an employee in writing information related to one's termination; and (iv) a statement with every payment of wages that included an accurate number of regular and overtime hours worked.

97.     Throughout the relevant time period Defendants' knowingly failed to provide Plaintiff and the WTPA Plaintiffs with the required wage statements and notices pursuant to WTPA.

98.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

99.     Defendants' conduct was in violation of the New York Labor Law.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### New York State's Conversion Common Law

100.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Plaintiff has a possessory right and legal ownership to the equipment and tools withheld by Defendants.

102.    Defendants exercise unauthorized dominion over Plaintiff's equipment ant tools.

103.    Defendants willfully exclude Plaintiff from any use or control of his equipment and tools.

104.    Defendants' unauthorized dominion over Plaintiff's equipment and tools is an exclusion of Plaintiff's rights.

105.    Defendants' unauthorized dominion over Plaintiff's equipment and tools constitutes conversion.

106.    Defendants have committed the tort of conversion under New York State Common Law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective and Class Plaintiffs demand judgment against Defendants as follows:

1.      At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported collective, defined herein.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

2.      Designation of Plaintiff as representatives of the FLSA Collectives and Rule 23 Classes defined herein, and Plaintiff's counsel as Class Counsel;

3.      Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

4.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the NYLL;

5.      Demand a jury trial on these issues to determine liability and damages;

6.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

7.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; and the New York Labor Law;

8.      All damages which Plaintiff and all Collective and Class Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, penalties, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

9.      All damages which Plaintiff has sustained as a result of Defendants' conversion of Plaintiff's property, including the value of the property at the time of its conversion, lost profits, interest, and punitive damages;

10.    An award to Plaintiffs and all Collective and Class Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

11.    An award to Plaintiff and all Collective and Class Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

12.    An award to Plaintiff and all Collective and Class Plaintiffs for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof, and penalties;

13.    Awarding Plaintiff and all Collective and Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

14.    Pre-judgment and post-judgment interest, as provided by law; and

15.    Granting Plaintiff and all Collective and Class Plaintiffs other and further relief as this Court finds necessary and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:  December 17, 2018
        Garden City, New York

                                        Respectfully submitted,


                                         /s/ *Robert R. Barravecchio*
                                        Robert R. Barravecchio
                                        Alexander M. White
                                        **Valli Kane & Vagnini LLP**
                                        600 Old Country Road, Suite 519
                                        Garden City, New York 11530

(516) 203-7180 (phone)
(516) 706-0248 (fax)

*Attorneys for Plaintiff*