# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

September 14, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Sanket J. Bulsara, U.S.M.J.
225 Cadman Plaza East
Courtroom 324N
Brooklyn, NY 11201-1804

> *Re:*    **Macas v. Alex's Auto Body 1 Inc.,** *et ano.*
> **Case No.: 1:18-cv-7184 (RJD) (SJB)**
> <u>**MLLG File No.: 120-2019**</u>

Dear Judge Bulsara:

This office represents the Defendants in the above-referenced case.  <u>See</u> Docket Entry 17. Defendants write without opposition from Plaintiff to respectfully request an extension of time of thirty (30) days to complete discovery.  The parties are also continuing settlement discussions and those efforts are outlined further below, as well.

Pursuant to ¶ II(A) of this Court's Individual Practices, Defendants submit that: (i) the original date to complete discovery is Monday, September 20, 2021, and the proposed new date is Wednesday, October 20, 2021; (ii) the reason for the requested extension is because the named Defendant is unable to be deposed due to the Jewish holidays as Defendants' principal observes same; (iii) the application is submitted without opposition.

Your undersigned counsel only recently obtained access to the files in the Workers' Compensation Board ("WCB") eCase system[1] concerning Plaintiff's workers' compensation claims to determine their status and properly advise Defendants concerning same.  Based on this review, the parties are likely to be able to reach an agreement on settlement, obviating the need for discovery.

---

[1] This required a multitude of steps: (i) registering with the WCB and obtaining an "R#;" (ii) applying for, reviewing, and executing a special contract concerning the use of the eCase system; (iii) credentialing and setting up access to eCase; (iv) submitting a notice of appearance via email to the WCB to obtain access to the case. On Friday September 3, 2021, I emailed my notice of appearance to the WCB via email per instructions.  I tried accessing the case the following week but was unable to get in.  I followed up again on September 8, 2021 and again yesterday, September 13, 2021.  I received confirmation today that I now have access, which will enable me to counsel and advise Defendants.  Indeed, this is necessary because Defendants state that the workers' compensation cases have been dismissed while Plaintiff submits that they remain active.

        While Plaintiff does not oppose Defendants' request for an extension of time to complete limited discovery, he does note the following for the Court.  On August 17, 2021, after Defendants reneged[2] on the settlement agreed to before Your Honor, Plaintiff's counsel followed up as to status of settlement as we needed to complete the deposition of Defendant.  On August 18, 2021, Defendants' counsel responded that he was attempting to gather information and was planning to "get this resolved this week."  Plaintiff was hopeful settlement could still be achieved which would avoid further expense related to discovery.  However, not having heard back, on August 24, 2021, Plaintiff served a Notice of Deposition to depose Defendant Khaimov on September 15, 2021.  Counsel for Plaintiff advised opposing counsel that Plaintiff was amenable to rescheduling the deposition to a mutually convenient date and time if need be.  Having heard nothing in response, on September 2, 2021, Plaintiff's counsel again emailed opposing counsel as to whether or not his client was available on the date noticed.  There was no response.  On September 8, 2021, Plaintiff's counsel again followed up regarding the deposition set for September 15, 2021.  Again, there was no response.  Plaintiff's counsel then booked a court reporter to conduct a remote deposition on September 15, 2021 and, on September 13, 2021, sent the Zoom information to opposing counsel.  Shortly thereafter, opposing counsel advised for the first time that his client was not available for deposition on the date noticed.  Plaintiff's counsel proposed other dates during the week but opposing counsel advised his client would not be available due to the Jewish holidays.  Thus, Plaintiff served Defendant Khaimov with a Deposition Notice but was not told of his availability and inability to comply with the notice until two (2) days prior to the return date.  Defendants submit that they have worked diligently to resolve this case and undersigned counsel was not available to conduct depositions sooner due to deadlines in other matters.

        Accordingly, Defendants respectfully submit that there is good cause for the requested extension of time.  See Fed. R. Civ. P. 6(b)(1)(A).  Defendants thank this Court for its time, attention, and anticipated courtesies in this case.

Dated: Lake Success, New York
        September 14, 2021                    Respectfully submitted,

                                              **MILMAN LABUDA LAW GROUP PLLC**
                                              __/s Emanuel Kataev, Esq._____
                                              Emanuel Kataev, Esq.
                                              3000 Marcus Avenue, Suite 3W8
                                              Lake Success, NY 11042-1073
                                              (516) 328-8899 (office)
                                              (516) 303-1395 (direct dial)
                                              (516) 328-0082 (facsimile)
                                              emanuel@mllaborlaw.com

                                              *Attorneys for Defendants*

---

[2] Defendants respectfully submit that they did not renege on any agreement, and that Defendants were misled concerning the nature of Plaintiff's workers compensation claims.

2

**<u>VIA ECF</u>**
Valli Kane & Vagnini LLP
<u>Attn</u>: Robert R. Barravecchio & Alexander M. White, Esqs.
600 Old Country Road, Suite 519
Garden City, NY 11530-2001
rrb@vkvlawyers.com
awhite@vkvlawyers.com

*Attorneys for Plaintiff*