# Valli Kane & Vagnini

### Employee Rights Attorneys

600 Old Country Road  
Suite 519  
Garden City, NY

Tel: (516) 203-7180  
Fax: (516) 706-0248  
www.vkvlawyers.co

November 1, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Sanket J. Bulsara, U.S.M.J.
225 Cadman Plaza East
Courtroom 324N
Brooklyn, NY 11201-1804

*Re:* **Macas v. Alex's Auto Body 1, Inc., *et ano.*
Case No.: 1:18-cv-7184 (RJD) (SJB)
<u>Joint Letter Motion for Judicial Approval of FLSA Settlement Pursuant to Cheeks</u>**

Dear Judge Bulsara:

As this Court is aware, this office represents Freddy V. Macas ("Plaintiff") in the above-captioned matter against Alex's Auto Body 1, Inc., and Alexander Khaimov (collectively, "Defendants"). The parties write to submit their joint letter motion for settlement approval. Following a mediation and two settlement conferences before this Court, the parties have reached a settlement each deems to be fair and reasonable, as set forth more fully below. Because the Complaint asserts claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), we request that this Court approve the proposed settlement agreement as fair and reasonable (the "Proposed Settlement Agreement").

## INTRODUCTION

Defendants are in the auto body business and it is alleged Plaintiff was formerly employed by them. On December 17, 2018, Plaintiff filed a collective and class complaint in this Court alleging that Defendants compensated him on a weekly basis which did not include an overtime premium rate for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the New York Labor Law ("NYLL"). *See* Dkt. No. 1. The Complaint also alleged a conversion claim regarding Plaintiff's tools and that Defendants did not provide Plaintiff with the requisite annual notices, and wage statements in violation of the NYLL. *See Id.*

Following motion practice related to an alleged default which Plaintiff withdrew, on August 27, 2019, Defendants answered the Complaint. *See* Dkt. No. 21. On October 29, 2019, the

parties participated in a mediation with Mediator Elena Paraskevas-Thadani, which included several follow up conferences.

Thereafter, the parties participated in two (2) settlement conferences before this Court where this matter was ultimately resolved. For the reasons set forth below, the parties submit that the agreement is fair and reasonable such that it should be approved.[1]

## ARGUMENT

### I. Legal Standard.

This Circuit mandates that the settlement of FLSA claims must be "fair and reasonable". *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015); *see Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2nd Cir. 2015). Courts consider the following factors when determining whether a settlement is "fair and reasonable":

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lopez v. Nights of Cabiria, LLC.*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

### II. The Proposed Settlement Agreement is Fair and Reasonable.

The Proposed Settlement Agreement is both fair and reasonable. First, Defendants have agreed to compensate Plaintiff and their attorneys a total sum of $40,000.03. *See* Ex. 1. Particularly, Plaintiff is allocated $24,301.47 of the total settlement amount. *See id.* Based on Plaintiffs' allegations and the documentation, the maximum amount Plaintiff would be entitled to for alleged overtime violations is $39,000.00, inclusive of liquidated damages.[2]

---

[1] Plaintiff submits that, as the Court is aware, Defendants insisted on inclusion of a general release which remains in the Agreement despite the Court's admonitions. However, any claims related to workers' compensation have been carved out. Regardless, as outlined in the Agreement, the Parties consent to the Court "blue-penciling" any offending portion of the Agreement so that the remainder may stand and the matter be resolved.

[2] Defendants respectfully disagree, and submit that the maximum recovery Plaintiff could obtain were he successful on his wage-and-hour claims is as follows, accepting every allegation in his sworn affidavit as true, which Defendants dispute, is $166.20 per week. Specifically, $1,440.00 paid per week divided by 52 hours per week equals $27.69 per regular hour worked and $41.54 per overtime hour worked; $41.54 - $27.69 = $13.85 differential rate per overtime hour worked times 12 overtime hours = $166.15 times 65 weeks worked is $10,779.75.

Thus, the settlement amount provided for Plaintiff is 61% of what Plaintiff could have recovered under the FLSA. *See Lopez*, 96 F. Supp. 3d (approving a settlement where the plaintiffs recovered approximately 33.33% of their total possible recovery).

Second, Defendants denied Plaintiff's allegations that they failed to properly pay Plaintiff the requisite wages pursuant to the FLSA and NYLL. Thus, without settlement, the parties would have had to produce/review additional documents, including time sheets and pay records, and conduct numerous depositions to both prosecute and defend the individual and collective claims. The settlement alleviates the need for the parties to expend significant time and expense in doing so.

Third, had this matter not settled, as stated above, the parties would have had to engage in a lengthy and costly discovery process. Ultimately, this matter would have likely proceeded to trial where Plaintiff would have risked forfeiting any recovery or being unable to collect on any judgment obtained.

Fourth, the parties reached settlement through multiple settlement conferences before this Court. These conferences (along with the preceding mediation) were thorough and the settlement was negotiated by counsel who are experienced in wage-and-hour litigation. Accordingly, the settlement as well as the proposed settlement agreement, which were the result of arms-length negotiations, is both fair and reasonable.

Finally, the parties' settlement agreement also contains a mutual general release provision. Whereas here, the Plaintiff is no longer employed by any of the Defendants, courts have routinely found agreements with such provisions fair and reasonable pursuant to Cheeks. See, e.g., Chun Lan Guan v. Long Is. Bus. Instute, Inc., No. 15-CIV.-2215 (CBA) (VMS), 2020 WL 1289517, at *3 (E.D.N.Y. Mar. 18, 2020) (Amon, J.) ("there is nothing inherently unfair about a release of claims in an FLSA settlement" and finding that the mutual releases of claims in the Settlement Agreements are fair and reasonable, and do not run afoul of the FLSA's purpose of preventing abuse by employers upon applying the Wolinsky factors); Burgos v. Northeast Logistics, Inc., No. 15-CIV.-6840 (CLP), 2018 WL 2376481, at *6 (E.D.N.Y. Apr. 26, 2018), report and recommendation adopted, No. 15-CIV.-6840 (CBA), 2018 WL 2376300 (E.D.N.Y. May 24, 2018) (finding that the release satisfies the two conditions under which some courts typically approve of mutual general releases, but requiring parties to revisit an aspect of the release which is asymmetrical in order to receive approval); see also Grullon v. Justin Pharmacy Inc., No. 1:20-CIV.-6122 (OTW), 2021 WL 76386, at *3 (S.D.N.Y. Jan. 8, 2021) (when the plaintiff is a former employee with no ongoing relationship with the employer, courts in this District have approved a general release, if the release is mutual) (citing Strauss v. Little Fish Corp., No. 1:19-CIV.-10158 (LJL), 2020 WL 4041511, at *5-6 (S.D.N.Y. July 17, 2020) ("Such a broad mutual general release operates as a walk away provision: it permits each side to terminate their relationship entirely free from fear that the other will re-engage in the form of a lawsuit.") (citing cases)); Small v. Stellar Mgmt. Ltd., No. 1:20-CIV.-2540 (SDA), 2020 WL 7890748, at *1 (S.D.N.Y. Oct. 21, 2020) ("In the present case, the Court finds that mutual general releases are acceptable because Plaintiff no longer works for Defendant; Plaintiff was represented by experienced counsel; and the release, although it extends to individual and entities other than Defendants, does so only to the extent that such persons or entities are acting on behalf of or in privity with Defendants and to claims arising

3

from their activities as such"); Souffrant v. 14-15 Mertens Place Corp., No. 19-CIV.-05482 (BCM), 2020 WL 1166231, at *3 (S.D.N.Y. Mar. 11, 2020) (approving agreement when modified to ensure releases extended only to those acting on behalf of or in privity with the parties and was limited to claims arising from actions taken in such capacities); Khan v. Young Adult Inst., Inc., No. 18-CIV.-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13-CIV.-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement"). As such, this provision should not result in a finding that the agreement is unfair or unreasonable.

### III. The Attorneys' Fees Pursuant to the Settlement Are Reasonable.

Under the terms of the Proposed Settlement Agreement, Plaintiffs' counsel will receive $13,333.33 from the settlement fund as attorneys' fees (approximately 33.33% of the total settlement amount), plus expenses of $2,365.23, which represents costs actually incurred by counsel in litigating this action (including filing and service of process fees), for a total of $15,698.56. *See Elamrani v. Henry Limousine, Ltd.*, No. 15-CV-2050 (CLP), 2018 WL 3518505, at *3 (E.D.N.Y. July 19, 2018) (holding that a 33% contingency fee was reasonable in FLSA settlements); *Lopez v. 41-06 Bell Blvd. Bakery LLC*, No. 15-CV-6953 (SJ)(PK), 2016 WL 6156199, at *3 (E.D.N.Y. Oct. 3, 2016), *report and recommendation adopted,* No. 15-CV-6953 (SJ)(PK), 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (reducing attorneys' fees in an FLSA settlement to 33%) *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) (approving settlement of FLSA claims and noting that a "one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (indicating that attorneys' fees of 33% of FLSA amount are "routinely approved by Courts in this Circuit"); *In re Arotech Corp. Sec. Litig.*, No. 07–CV–1838 (RJD), 2010 WL 2301195, at *7 (E.D.N.Y. June 7, 2010) ("33% of the common fun[d] is considered routine and therefore reasonable. . . .").

Additionally, Plaintiff's counsel's billing records to the point of settlement provide further support the 33.33% fee is reasonable:

| Name | Title | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|---|
| Robert R. Barravecchio | Partner | $450.00 | 78.78 | $34,551.00 |
| Alexander M. White | Associate | $200.00 | 111.78 | $22,356.00 |
| Luz Arce | Paralegal | $80.00 | 38.67 | $3,093.60 |
|  |  |  |  |  |
| **Total** |  |  | 229.23 | $60,000.60 |

*See Gil v. Frantzis*, No. 17-CV-1520 (ARR)(SJB), 2018 WL 4522094, at *14 (E.D.N.Y. Aug. 17, 2018), *report and recommendation adopted as modified,* No. 17-CV-1520 (ARR)(SJB), 2018 WL 4299987 (E.D.N.Y. Sept. 10, 2018) ("'In recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450

4

for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals.'") (quoting *Hui Lan Weng v. Fancy Lee Sushi Bar & Grill, Inc.*, No. 15-CV-5737 (ADS)(ARL), 2017 WL 5564892, at *2 (E.D.N.Y. Nov. 3, 2017)); *Pocius v. Sec. Auto Sales Inc.*, No. 16-CV-400 (JFB)(SIL), 2018 WL 3999649, at *4 (E.D.N.Y. July 6, 2018), *report and recommendation adopted,* No. 16-CV-0400 (JFB)(SIL), 2018 WL 3998965 (E.D.N.Y. Aug. 20, 2018) (same) (citation omitted); *Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM)(PK), 2018 WL 2088280, at *2 (E.D.N.Y. May 3, 2018) (same) (citation omitted); *Mahoney v. Amekk Corp.*, No. 14-CV-4131(ENV)(VMS), 2016 WL 6585810, at *19 (E.D.N.Y. Sept. 30, 2016), *report and recommendation adopted,* No. 14-CV-4131 (ENV)(VMS), 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016) (same) (citation omitted); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) (same) (citation omitted)).

As Plaintiff counsel's fee of 33.33% equates to well below the loadstar, it should be approved as fair and reasonable. *See Hall v. ProSource Techs., LLC*, No. 14-CV-2502 (SIL), 2016 WL 1555128, at *10 (E.D.N.Y. Apr. 11, 2016) ("It is well established that 'courts may calculate reasonable attorneys' fees from a common fund based either on the percentage of the recovery method or the lodestar method.'" (quoting *Parker v. Time Warner Entm't Co., L.P.*, 631 F. Supp. 2d 242, 264 (E.D.N.Y. 2009)). Although "[t]he lodestar may be adjusted by a multiplier when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee[,] the loadstar here does not require any multiplier." *Hall*, 2016 WL 1555128 at *10 (citation omitted); *Donnelly v. Peter Luger of Long Island, Inc.*, No. 2:13-CV-1377 (LDW)(ETB), 2014 WL 12769046, at *8 (E.D.N.Y. Nov. 13, 2014) ("Courts regularly award lodestar multipliers between two to six times lodestar.") (citation omitted); *Sewell v. Bovis Lend Lease, Inc.*, No. 09-CV-6548 (RLE), 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("Courts commonly award lodestar multipliers between two and six") (citation omitted). Accordingly, the fees should be approved as they are reasonable.[3]

## CONCLUSION

In full consideration of all the issues, we believe that the parties' proposed agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Proposed Settlement Agreement is submitted herewith.

Thus, the parties jointly, respectfully request that this Court determine the settlement to be fair and reasonable in light of all of the risks inherent in litigation and based on the facts in this case in particular.

---

[3] If the Court thinks it would be beneficial, Plaintiff's counsel would be pleased to provide additional information for the Court's consideration, including the Firm's Resume, Biographical information concerning the Firm's personnel, and further detail concerning the Firm's hourly rates and time entries.

Upon the Court's determination that the proposed agreement is fair and reasonable and execution of same by all parties, the parties will file a Stipulation of Dismissal with Prejudice, to be "so-ordered" by this Court, and any other necessary documents to terminate this matter pending full payment for which the Court will retain jurisdiction.

Respectfully Submitted,

*/s/ Robert R. Barravecchio*
Robert R. Barravecchio, Esq.

cc:     counsel of record (*via* ECF)