# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 17, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Sanket J. Bulsara, U.S.M.J.
225 Cadman Plaza East
Courtroom 324N
Brooklyn, NY 11201-1804

      *Re:*    Macas v. Alex's Auto Body 1 Inc., *et ano.*
              Case No.: 1:18-cv-7184 (RJD) (SJB)
              <u>MLLG File No.: 120-2019</u>

Dear Judge Bulsara:

      This office represents the Defendants in the above-referenced case. <u>See</u> Docket Entry 17. Defendants write to respectfully seek an Order enforcing the parties' settlement agreement reached before this Court at a virtual settlement conference on or about June 8, 2021.

      As a general matter, "parties are free to enter into a binding contract without memorializing their agreement in a fully executed document." <u>See</u> <u>Winston v. Mediafare Entm't Corp.</u>, 777 F.2d 78, 80 (2d Cir. 1985). In that regard, "[t]he Second Circuit recognizes two types of preliminary agreements: agreements that are 'fully binding,' where the parties have 'agree[d] on all points that require negotiation,' but have not yet memorialized the agreement in final form; and agreements that leave some major terms open for negotiation, in which the parties commit simply to negotiate in good faith to create a final contract." <u>See</u> <u>Castle Creek Tech. Partners, LLC v. CellPoint Inc.</u>, No. 02 Civ. 6662 (GEL), 2002 WL 31958696, at *5 (S.D.N.Y. Dec. 9, 2002) (<u>citing</u> <u>Adjustrite Sys., Inc. v. Gab Bus. Servs., Inc.</u>, 145 F.3d 543, 548 (2d Cir. 1998)).

      The key in determining which type of preliminary agreement has been created is "the intent of the parties: whether the parties intended to be bound, and if so, to what extent," as demonstrated by "the language of the contract, and the words and deeds of the parties." <u>Id.</u> (<u>citing</u> <u>Adjustrite Sys., Inc.</u>, 145 F.3d at 548-49); <u>see also</u> <u>Teachers Ins. and Annuity Ass'n of Am. v. Tribune Co.</u>, 670 F. Supp. 491, 498 (S.D.N.Y. 1987).

      The intent to be bound is evidenced in the following factors: "(1) the language of the agreement; (2) the context of the negotiations; (3) the existence of open terms; (4) partial performance; and (5) the necessity of putting the agreement in final form, as indicated by the customary form of such transactions." <u>See</u> <u>Arcadian Phosphates, Inc. v. Arcadian Corp.</u>, 884 F.2d 69, 72 (2d Cir. 1989) (<u>citing</u> <u>Tribune Co.</u>, 670 F. Supp. at 499-503).

Here, the parties reached an agreement at a settlement conference before this court on June 8, 2021, the terms of which were reduced to writing and submitted to this court on November 1, 2021 for approval. Although the court refused to approve the settlement unless the mutual general release was replaced with a limited release of wage and hour claims, which the parties subsequently agreed to do, the action of submitting a settlement agreement for review indicates their unquestionable intent to be bound. Indeed, despite previously agreeing to a settlement, Plaintiff is attempting to use the court's limited rejection of the settlement agreement as an opportunity to renege on the settlement. However, the court's conditional approval of the settlement (so long as the mutual general release is replaced with a limited wage and hour release) is beneficial to Plaintiff and provides no basis for him to renege and attempt to renegotiate.

With respect to the <u>first</u> factor, the language of the agreement has been set forth in the settlement agreement and the parties' joint letter motion for settlement approval submitted to this court. <u>See</u> Docket Entry 45. Although this Court rejected the mutual release provision in that agreement, the Defendants thereafter agreed to a limited wage & hour release. Similarly, following this Court's rejection of the settlement agreement, Plaintiff insisted on a lump sum payment given the passage of time, to which Defendants agreed to make within seventy-five (75) days of an Order approving the parties' anticipated renewed joint letter motion for settlement approval.

With respect to the <u>second</u> factor, the negotiations for the ultimate settlement agreement had been completed and the parties reached a final agreement as evidenced by their submission of the above-referenced joint letter motion for settlement approval. The only term that has changed is that the mutual general release was converted to a limited release pursuant to the court's directive, which, as discussed *supra*, only benefits Plaintiff and provides no basis for him to renegotiate.

With respect to the <u>third</u> factor, as set forth below, no open term exists other than the mutual release provision which is an issue only because the court refused to approve the agreement with a mutual general release. Again, the parties agreed to convert the mutual general release to a limited release, and although Defendants can arguably enforce the prior agreed-upon payment schedule, Defendants are amenable to a lump sum payment as thereafter demanded by the Plaintiff.

With respect to the <u>fourth</u> factor, Defendants have partially performed by, among other things, making available Plaintiff's tools to be picked up. Absent approval of the settlement as fair and reasonable by the Court, Defendants are incapable of performing under the agreement. Notwithstanding, courts have found partial performance where, after reaching an agreement orally, the parties began "preparing and exchanging draft settlement documents, and most significantly, communicated the settlement to the Court." <u>See</u> <u>Jackson v. N.Y.C. Dep't of Educ.</u>, 2012 WL 1986593, at *2 (S.D.N.Y. Jun. 4, 2012) (finding that a binding settlement may even be entered into orally, and may be enforceable despite the expectation that the agreement will be documented in writing). This is the case here, where the parties have even gone a step further and submitted an agreement for this Court to review.

Finally, as to the <u>fifth</u> factor, courts in the Second Circuit require full written settlement agreements of claims under the Fair Labor Standards Act in order to approve settlements.

Defendants thus seek to enforce the settlement agreement they reached at the settlement conference which they agreed to modify based on the court's directive. A copy of the subsequent settlement agreement, which was executed by Defendants, is annexed hereto as **Exhibit "A."**

Following the Order denying the parties' joint letter motion for settlement approval merely because the settlement agreement contained a mutual general release, Plaintiff refused to agree to the settlement reached before this Court at a virtual settlement conference.

Courts routinely enforce settlement agreements reached in the presence of the court in such circumstances. See Suarez v. SCF Cedar, LLC, 2016 WL 6601547, at *2 (S.D.N.Y. Mar. 14, 2016) (enforcing a settlement term sheet despite a provision calling for "a more formalized agreement"), report and recommendation adopted, 2016 WL 6601549 (S.D.N.Y. Nov. 7, 2016); Raghavendra v. Trustees of Columbia Univ., 686 F. Supp. 2d 332, 341 (S.D.N.Y. 2010) (enforcing an agreement reflected in a term sheet that "expressly provide[d] that it was not meant to be the final expression of the settlement agreement"), aff'd in relevant part, remanded on other grounds, 434 Fed. Appx. 31 (2d Cir. 2011); Rivera v. Crabby Shack, LLC, No. 17-CIV.-4738 (SMG), 2019 WL 8631861, at *2 (E.D.N.Y. May 2, 2019) (granting motion to enforce settlement agreement without fully executed settlement agreement where parties previously entered into a mediation agreement settling the case in principle); Saavedra v. Mrs. Bloom's Direct, Inc., No. 17-CIV.-2180 (OTW), 2019 WL 4727578 (S.D.N.Y. Sep. 27, 2019) (discussing how court previously granted motion to enforce settlement agreement placed on the record upon finding the settlement terms fair and reasonable and enforcing that settlement agreement); see also Salto v. Alberto's Constr., LLC, No. 17-CIV.-3583 (PED), 2020 WL 4383674 (S.D.N.Y. July 31, 2020) (granting motion to enforce settlement agreement, albeit signed by both parties); Cardoso v. Paramount Foods Inc., 1:15-CV-07674 (SDA), 2020 WL 8880943 (S.D.N.Y. Apr. 30, 2020). Because the prior settlement agreement was more formal than a term sheet, and because this Court oversaw the settlement conference which resulted in the parties reaching an agreement, this Court should decide the instant motion no differently than the Second Circuit has with term sheets that did not as adequately address all material terms of the parties' agreement and/or cases in which settlement conferences were conducted before the court at which the parties reached a full agreement on all material terms.

For the foregoing reasons, Defendants' motion to enforce the settlement agreement must be granted. In addition, the February 18, 2022 deadline to submit a joint pretrial Order ("JPTO") should be extended pending the determination of this motion, which would render a JPTO moot, and there is therefore good cause to grant the requested extension. See Fed. R. Civ. P. 6(b)(1)(A). Plaintiff consents to this request. In addition, should Defendants' motion to enforce the settlement agreement be denied, the parties would seek additional time to complete discovery.

Defendants thank this Court for its time and attention to this case.

Dated: Lake Success, New York
       February 17, 2022

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

**VIA ECF**
Plaintiff