# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

April 12, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Sanket J. Bulsara, U.S.M.J.
225 Cadman Plaza East
Courtroom 324N
Brooklyn, NY 11201-1804

      *Re:*    Macas v. Alex's Auto Body 1 Inc., *et ano.*
              Case No.: 1:18-cv-7184 (RJD) (SJB)
              <u>MLLG File No.: 120-2019           </u>

Dear Judge Bulsara:

      This office represents the Defendants in the above-referenced case. <u>See</u> Docket Entry 17. Defendants write by letter motion to enforce the parties' oral settlement agreement following a virtual mediation before this Court on June 8, 2021.

      The Second Circuit in <u>Winston v. Mediafare Entertainment Corp.</u> set forth a totality-of-the-circumstances test to determine whether an oral settlement agreement is enforceable. <u>See</u> 777 F.2d 78, 80 (2d Cir. 1985). Under <u>Winston</u>, courts consider four factors, none of which is alone typically considered dispositive, i.e., (1) whether the agreement at issue is the type of contract that is usually committed to writing; (2) whether all of the terms of the alleged contract have been agreed upon; (3) whether there has been an express reservation of the right not to be bound in the absence of a writing; and (4) whether there has been partial performance of the contract. <u>See</u> <u>Winston</u>, 777 F.2d at 80.

      "The party seeking to enforce a purported settlement agreement bears the burden of providing that such a binding and enforceable agreement exists." <u>See</u> <u>Grgurev v. Licul</u>, No. 15-CIV.-9805 (GHW), 2016 WL 6652741, at *3 (S.D.N.Y. Nov. 10, 2016) (citing <u>Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.</u>, 447 F. Supp. 2d 329, 335 (S.D.N.Y. 2006)).

      **a. Agreement Usually Committed to Writing**

      "[S]ettlements of ... FLSA claims" such as the one alleged here "are of the type typically committed to writing, because they require judicial approval" under governing Second Circuit case law. <u>See</u> <u>Velazquez v. Yoh Servs., LLC</u>, No. 17-CIV.-842 (CM), 2017 WL 4404470, at *3 (S.D.N.Y. Sept. 25, 2017) (citing <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015)).

In light of the Cheeks requirement that either the Court or the Department of Labor ("DOL") approve any final settlement agreement, "all parties here necessarily contemplated that a written agreement would be drafted, executed and approved by the Court." See Junjiang Ji v. Jling, Inc., No. 15-CIV.-4194 (SIL), 2019 WL 1441130, at *12 (E.D.N.Y. Mar. 31, 2019). Because the Court requires parties to submit their settlements in writing for Cheeks approval together with a joint letter motion, "[t]hat could not possibly happen here." See Velazquez, 2017 WL 4404470, at *3. As such, the Winston factor pertaining to whether the alleged settlement is of the type usually committed to writing weighs against granting the instant motion.

### b. Agreement on All Material Terms

Where the parties failed to agree on a material term of a purported oral contract, it is relevant to the existence of a binding settlement agreement. See Forden v. Bristol Myers Squibb, 63 Fed. Appx. 14, 16 (2d Cir. 2003).

Here, the parties reached agreement on all material terms; namely, Plaintiff would receive $40,000.00 in exchange for a wage-and-hour release and a stipulation of voluntary dismissal of this case and all of the causes of action brought by Plaintiff. Indeed, the core of the oral agreement reached with the Court's assistance in this case is a fairly basic one—the dismissal of Plaintiff's lawsuit in exchange for a particular monetary payment and the dismissal of claims involving Defendants. In light of the foregoing, the Winston factor pertaining to whether the parties reached agreement on all material terms weighs in favor of granting Defendants' motion.

### c. Reservation Not to Be Bound

The Winston factor pertaining to an express reservation of the right not to be bound absent a writing is an important one. See Westwide Winery, Inc. v. SMT Acquisitions, LLC, 511 F. Supp. 3d 256, 261 (E.D.N.Y. 2021). "This makes sense: since the ultimate question is whether the parties intended to be bound," and an express reservation of their right not to be bound is difficult to rebut. See Hallett v. Stuart Dean Co., 481 F. Supp. 3d 294, 302 (S.D.N.Y. 2020). "The intention of the parties on this issue is a question of fact, to be determined by examination of the totality of the circumstances." See Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 325 (2d Cir. 1997) (citation omitted).

Here, following the virtual settlement conference before this Court on June 8, 2021, the parties each agreed to the material terms of the oral settlement agreement as recited by this Court. This Winston thus factor weighs in favor of granting Defendants' motion.

### d. Partial Performance

"Partial performance is an unmistakable signal that one party believes there is a contract; and the party who accepts the performance signals, by that act, that it also understands a contract to be in effect." See Goldstein v. Solucorp Indus., Ltd., No. 11 Civ. 6227 (VB) (PED), 2017 WL 1078739, at *8 (S.D.N.Y. Feb. 10, 2017) (quoting R.G. Grp., Inc. v. Horn & Hardart Co., 751 F.2d 69, 75-76 (2d Cir. 1984)).

"When analyzing partial performance, courts look to whether any of the terms agreed to in settlement discussions have been performed." See Solucorp, 2017 WL 1078739, at *8.  Here, Defendants respectfully submit that they have made Plaintiff's tools available to him for pickup and that they have worked steadfastly to prepare a mutually agreeable settlement agreement which Plaintiff was refused to sign despite multiple concessions by Defendants on many requested terms.

The foregoing acts suggest that there was a meeting of the minds as to a binding settlement, and this Winston factor weighs in favor of granting Defendants' motion.

### III. Conclusion

In summary, because three of the four Winston factors weigh in favor of finding that the parties had a binding oral settlement contract, Defendants respectfully submit that their motion to enforce the oral settlement agreement reached at the virtual mediation on June 8, 2021 be enforced.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
April 12, 2022                           Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

__/s Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
Valli Kane & Vagnini LLP
Attn: Robert R. Barravecchio, Esq.
600 Old Country Road, Suite 519
Garden City, NY 11530-2001
rrb@vkvlawyers.com

*Attorneys for Plaintiff*