## SETTLEMENT AGREEMENT AND RELEASE

This is a Settlement Agreement & Release ("Agreement") between Alex's Auto Body I, Inc. (hereinafter the "Corporate Defendant") and Alexander Khaimov (hereinafter "Khaimov" or the "Individual Defendant"), and the Corporate Defendant's parents, subsidiaries, affiliates, successors, assigns, divisions, past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel, and/or agents (whether in their personal or official capacity), and each of their respective successors and assigns, on the one hand (collectively, the "Defendants"), and Freddy V. Macas (hereinafter "Plaintiff" or "Macas"), on the other hand. The Defendants and Macas may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS,** Plaintiff has commenced an action against Defendants in the United States District Court for the Eastern District of New York (hereinafter the "Court") styled as <u>Macas v. Alex's 1 Auto Body I, Inc., et ano.</u>, Case No.: 1:18-cv-7184 (RJD) (SJB) (hereinafter the "Lawsuit"), alleging wage and hour violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York Labor Law (hereinafter "NYLL");

**WHEREAS,** Defendants deny that they failed to pay Plaintiff any monies owed to him and the Individual Defendant denies that he was Plaintiff's employer; and

**WHEREAS,** the Defendants and Macas desire to fully and finally resolve all differences between them on the terms and conditions hereinafter set forth;

**NOW THEREFORE,** in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, having been represented by counsel and the Parties intending to be bound, do hereby agree as follows:

1. **Non-Admission.** This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

2. **Consideration.**

In consideration for Macas' execution, compliance with, and non-revocation of this Agreement, the Defendants agree to pay Macas amounts to which he is not otherwise entitled in the total gross amount of Forty Thousand and 00/100 Dollars ($40,000.00) inclusive of attorneys' fees and costs (the "Settlement Payment"). The Settlement Payment shall be made on the following schedule, with all checks delivered to Valli Kane & Vagnini LLP, 600 Old Country Road, Suite 519, Garden City, NY 11530-2001, as follows:

(i) $15,705.04, consisting of $13,333.33 in attorneys' fees and $2,371.71 in costs, payable to "Valli Kane & Vagnini LLP" for attorneys' fees and expenses to be paid within fourteen (14) days of receipt of an Order from the Court approving this Agreement as fair and reasonable;

(ii) $24,294.96 payable to "Freddy Macas," less withholdings to be paid within fourteen (14) days of receipt of an Order from the Court approving this Agreement as fair and reasonable;

(iii) Once all payments referenced herein are made, the matter will be dismissed with prejudice.

  b. In addition to the above monetary consideration, Plaintiff acknowledges that he receive from Defendants all tools as well as his tool boxes (as reflected in video inspection) where such tools are contained which have heretofore remained in Defendants' possession as evidenced by video taken by an independent third party, which also includes multiple clamps, tools that he is not otherwise entitled to pursuant to a stipulation settling Plaintiff's conversion claim dated October 15, 2020 and docketed as entry 33 in the Lawsuit's court docket. This stipulation is incorporated by reference herein, and the Parties agree that the tools have been picked up by Plaintiff in their entirety (as reflected in the video inspection) on May 2, 2022.

  c. Macas agrees and affirms that the Settlement Payment shall constitute the entire amount of monetary consideration provided to him and his legal counsel under this Agreement and that Macas will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries (other than related to workers' compensation claims), damages, costs, or disbursements, in connection with any of the matters encompassed in this Agreement or any aspect of Macas' relationship with the Defendants.

  d. Macas agrees, affirms, and acknowledges that he has been paid all wages and wage supplements and all other amounts owed to him for any reason by the Defendants, other than as it pertains to other pre-existing claims that have already been filed, i.e., his workers' compensation claims.

  e. Macas will be issued a W2 for all wages paid. Macas further agrees that he shall be responsible for payment of all personal taxes that may be due by him as a result of the Settlement Payment. Macas understands and agrees that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement.

  f. Default. If a payment is not received within five (5) business days of its due date, counsel for Macas shall notify counsel for Defendants in writing (email to Defendants' counsel at emanuel@mllaborlaw.com is acceptable). Thereafter, if the payment is not received within five (5) business days of the aforesaid notice, Macas or his Counsel may file a confession of judgment in court with no further notice to Defendants. Counsel for Macas agrees to receive, in Defendants' discretion, in trust post-dated checks for the amounts and due dates agreed upon, to be deposited according to the Agreement.

  g. <u>Escrowed Confession of Judgment</u>. On behalf of Alex's Auto Body I, Inc. and himself individually, Alexander Khaimov agrees to sign the Confession of Judgment attached hereto. This Confession of Judgment shall be delivered to Macas' attorneys contemporaneously with the executed agreement. Macas' attorneys agree to hold this confession of judgment in escrow and will not cause it to be filed unless the above actions and inactions in this section occur. Upon completion of the payments, this Confession of Judgment shall be returned to counsel for Defendants upon request.

 3. **<u>Claims Released by Macas.</u>**

  a. In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, Macas, and Macas on behalf of his family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waive, release and discharge the Defendants, the Defendants' parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Defendants ("Releasees") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations,

liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Macas' execution of this Agreement, including, without limitation, any wage-and-hour claims under any federal, state, local, or foreign law, that Releasors may have, have ever had or may have in the future against Releasees, including but not limited to any claims that Macas could have brought in the Lawsuit, whether or not Macas has previously filed such a claim. Excluded from such release is any claims related to Macas' sole and existing workers' compensation claims bearing WCB Case No.: G1962604 and DC Case Number: XXX-XX-3776.

      b.    This release and waiver of claims shall not be construed to impair Macas' right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement. Nor does this release prohibit or bar Macas from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement, Macas agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Macas' behalf, either individually or as part of a collective action, by any governmental agency or other third party.

4.    **Macas' Representations and Warranties**. Macas hereby represents, warrants, acknowledges, and affirms as follows:

    a.    that he has not filed or permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Defendants with any local, state or federal court or administrative agency other than the instant Lawsuit as well as Macas' sole and existing workers' compensation claims, bearing WCB Case No.: G1962604 and DC Case Number: XXX-XX-3776;

    b.    that he has been paid and has received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which he may be due for any reason, except as provided in this Agreement; and

    c.    other than as represented in his sole and existing workers' compensation claims, bearing WCB Case No.: G1962604 and DC Case Number: XXX-XX-3776, that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act.

5.    **Mutual Non-Disparagement.** Macas and Khaimov agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Defendants or Macas in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding.

6. **Breach of Agreement.**  Breach of any of the provisions of this Agreement by any Party to this Agreement shall be pursued through the District Court if it agrees to retain jurisdiction regarding enforcement of this Agreement; otherwise, any breach may be pursued solely in arbitration as set forth in ¶ 13, *infra*.  The Parties agree that the laws of the State of New York shall apply, without regard to its conflict-of-laws principles.

7. **Severability.**  The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.   With respect to ¶ 3 of this Agreement, the parties agree that the Court is authorized to "blue pencil" the provision to the extent it finds any portion of the provision to be unenforceable after giving due regard to the arguments set forth in the parties' accompanying joint letter motion for settlement approval.

8. **Non-Waiver.**  No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns.  The Defendants may assign this Agreement without notice in its sole discretion.

9. **Headings**.  The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

10. **Multiple Counterparts.**  This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument.  Faxed and e-mailed scanned copies shall be effective and enforceable.

11. **Representation by Counsel and Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior discussions, agreements or understandings between the Parties except as referred to and incorporated by reference herein.  The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties.  Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement.  This Agreement shall survive the cessation or termination of any arrangements contained herein.

12. **Applicable Law.**  This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York.

13. **Arbitration.**  Except as otherwise set forth in ¶ 6, *supra*, Macas agrees that, should he seek to make any claim concerning this Agreement or his employment with the Defendants other than as related to workers' compensation, he shall submit any such claim to final and binding arbitration with ADR Systems of America, LLC before a single arbitrator qualified in labor and employment law.  The Company similarly agrees to submit any complaint against Macas to final and binding arbitration in accordance with the foregoing terms.  Macas is only expected to pay the first $1,000.00 of any arbitration fees and the Company agrees to pay the remainder of any such arbitration fees.  The Parties expressly agree that neither the Company nor Macas will be permitted to pursue any further court action against each other.

14. **Voluntary Agreement.** By signing in the space provided below, Macas agrees and affirms that:

   a. He was advised to and has carefully read and fully understands all of the provisions of this Agreement;

   b. He has had at least twenty-one (21) days to review consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

   c. This Agreement is legally binding, and by signing it, Macas understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

   d. No promise or representation of any kind or character has been made by the Defendants or by anyone acting on its behalf to induce Macas to enter into this Agreement, and Macas has not been forced or pressured in any way to sign this Agreement; and

   e. Through this Agreement, Macas is releasing all of the Releasees from any and all claims that he may have against the Releasees in exchange for the Settlement Payment described herein;

   f. Macas knowingly and voluntarily agrees to all of the terms set forth in this Agreement and intends to be legally bound by them.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Alex's Auto Body I, Inc.

By: _____[signature]_____   DATE: 5/26/2022
Alexander Khaimov
Its: President

_____[signature]_____   DATE: 5/26/2022
Alexander Khaimov, individually

_____[signature]_____   DATE: 5/24/22
Freddy V. Macas

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF _____  )

On the ___ day of _____, 2022 before me personally appeared Freddy V. Macas personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

_____
NOTARY PUBLIC